## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LACOLE HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-778-PRW |
| | ) | |
| WATSON'S OF OKLAHOMA CITY INC. | ) | |
| d/b/a Family Leisure of Oklahoma City, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendant Watson's of Oklahoma City Inc. and Defendants Phillip Novak and Brad Waters each filed motions to dismiss Plaintiff's intentional infliction of emotional distress claims.[1] They argue that the Oklahoma Anti-Discrimination Act precludes that common law claim, and even if it does not, the amended complaint fails to state an IIED claim upon which relief can be granted. For the reasons outlined below, the motions are granted.

---

[1] Def. Watson's of Okla. Cty., Inc.'s Partial Mot. to Dismiss & Br. in Supp. (Dkt. 22); The Individual Defs.'s, Phillip Novak & Brad Waters, Mot. to Dismiss & Br. in Supp. (Dkt. 26).

*Background*

Plaintiff, an African American female, was employed by Defendant Watson's of OKC d/b/a Family Leisure[2] as a Customer Service Manager from 2013 to 2019.[3] She alleges that during her employment, Family Leisure employees, including Defendants Novak and Waters, made "sexually and racially harassing and abusive comments"[4] and even engaged in "aggressive physical behavior" towards her.[5] She reported this behavior to Defendant Novak, the owner, and a human resources employee, but Defendant Watson's of OKC took no action.[6] In addition, Plaintiff asserts that Defendant Novak retaliated against her for complaining.[7] Plaintiff eventually filed an EEOC complaint regarding the harassment.[8] As a result of these events, Plaintiff alleges that she developed PTSD, was deprived of a promotion, and suffered "financial loss, embarrassment, [and] humiliation . . . ."[9]

---

[2] "Family Leisure" is the trade name of Defendant Watson's of Oklahoma City Inc. *See* Am. Compl. (Dkt. 14) at 1.

[3] *Id.* at 2; Pl.'s Resp. to Def. Family Leisure's (Second) Partial Mot. to Dismiss & Defs. Novak & Waters' Mot. to Dismiss & Br. in Supp. (Dkt. 27) at 2.

[4] Am. Compl. (Dkt. 14) at 2.

[5] *Id.* at 3.

[6] *Id.* at 4.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] *Id.* at 2–3.

Plaintiff brings claims of discrimination against Defendant Watson's of OKC pursuant to Title VII[10] and the Oklahoma Anti-Discrimination Act,[11] as well as intentional infliction of emotional distress claims against Defendants Watson's of OKC, Novak, and Waters.[12] Defendants filed motions to dismiss Plaintiff's IIED claims, arguing first that the OADA precludes IIED claims, and second that Plaintiff's allegations fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### Failure to State a Claim

Defendants assert that dismissal of Plaintiff's IIED claims is appropriate because the amended complaint fails to state a claim upon which relief can be granted.[13] In analyzing this assertion, the Court assumes without deciding that Plaintiff's IIED claim is not precluded by the OADA.

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[14] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief

---

[10] 42 U.S.C. § 2000e. *et seq.*

[11] 25 O.S. § 1101 *et seq.*

[12] *See* Am. Compl. (Dkt. 14) at 5–10.

[13] 13 Def. Watson's of Okla. Cty., Inc.'s Partial Mot. to Dismiss & Br. in Supp. (Dkt. 22) at 6–10; The Individual Defs.'s, Phillip Novak & Brad Waters, Mot. to Dismiss & Br. in Supp. (Dkt. 26) at 7–11.

[14] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] The pleaded facts must establish that the claim is plausible.[16]

To set out a prima facie case for intentional infliction of emotional distress under Oklahoma law, a plaintiff must allege facts that show "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe."[17] The Oklahoma Supreme Court further explains:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'[18]

As the gatekeeper, the trial court " 'must determine whether the defendant's conduct may reasonably be regarded as *so extreme and outrageous* as to permit recovery . . . .' "[19] IIED "does not extend 'to mere insults, indignities, threats, annoyances, petty oppressions, or

---

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[16] *Id.*

[17] *Welton*, 49 P.3d 7at 735.

[18] *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1376 (Okla. 1978) (quoting Restatement (Second) of Torts § 46 (1965), comment d).

[19] *Id.* at 1377–78.

other trivialities,' "[20] and "[n]ot every abusive outburst or offensive verbal encounter may be converted into a tort . . . ."[21]

Defendants assert that the allegations in the amended complaint "pale in comparison" to those in *Miner v. Mid-Am. Door Co.*[22] and *Mirzaie v. Smith Cogeneration, Inc.*,[23] which did not support viable IIED claims, so hers fail to state a claim.[24] Specifically, Defendants challenge the alleged conduct as not so extreme and outrageous as to permit recovery.[25]

In Plaintiff's view, she states a claim for IIED because "[w]hat might be 'severe' for one person could be construed as a mere passing annoyance for another."[26] She continues that "[a] simple reading of all the facts alleged in Herron's Amended Complaint

---

[20] *Eddy v. Brown*, 715 P.2d 74, 77 (quoting Restatement (Second) of Torts § 46 (1965)).

[21] *Id.*

[22] 68 P.3d 212, 214–15. In *Miner*, the district court's grant of summary judgment in favor of the defendant was affirmed on the plaintiff's IIED claim, which alleged that the defendant had knowledge of and failed to remedy the hostile work environment, assault and battery, and retaliatory discharge. *Id.* at 223.

[23] 962 P.2d 678, 682–83. In *Mirzaie*, the plaintiff was berated in the workplace, notified of his termination hours before his wedding, needlessly forced to work on weekends and during the night, and, among other things, embarrassed for his attire at an informal breakfast meeting. *Id.*

[24] Def. Watson's of Okla. Cty., Inc.'s Partial Mot. to Dismiss & Br. in Supp. (Dkt. 22) at 9–10; The Individual Defs.'s, Phillip Novak & Brad Waters, Mot. to Dismiss & Br. in Supp. (Dkt. 26) at 10.

[25] Def. Watson's of Okla. Cty., Inc.'s Partial Mot. to Dismiss & Br. in Supp. (Dkt. 22) at 9–10; The Individual Defs.'s, Phillip Novak & Brad Waters, Mot. to Dismiss & Br. in Supp. (Dkt. 26) at 8–11.

[26] Pl.'s Resp. to Def. Family Leisure's (Second) Partial Mot. to Dismiss & Defs. Novak & Waters' Mot. to Dismiss & Br. in Supp. (Dkt. 27) at 8.

. . . , coupled with the 'peculiar susceptibility' rule adopted by Oklahoma law, is more than sufficient to state a <u>plausible</u> claim for liability as required at the 12(b)(6) stage of litigation . . . ."[27] Plaintiff further asserts that "what Defendants' motions do *not* mention is that both [*Miner* and *Mirzaie*] were decided on the merits, *after* proceeding through the motion to dismiss stage of the litigation."[28]

The amended complaint alleges the following conduct in support of her IIED claims:

- "Plaintiff was the target of numerous sexually and racially harassing and abusive comments from Novak and others."[29]
- Novak unzipped his pants while making eye contact with Plaintiff.[30]
- Plaintiff was subject to "aggressive physical behavior and language" from Waters, including throwing a 15-pound swing at her and calling her "that black girl, "f[#%$]ing embarrassment," and "that dumb b[&%$#]."[31]
- Racial and sexual comments and jokes were made in Plaintiff's workplace.[32]
- Novak sent Plaintiff a middle finger emoji.[33]
- Novak publicly discussed Plaintiff's PTSD and "arbitrarily changed Plaintiff's work hours, making it impossible for her to attend therapy."[34]

Taking these facts as true and in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to sufficiently plead an IIED claim against Defendants, as the collective

---

[27] *Id*. at 9.

[28] *Id*.

[29] Am. Compl. (Dkt. 14) at 2.

[30] *Id*. at 3.

[31] *Id*.

[32] *Id*. at 4.

[33] *Id*.

[34] *Id*. at 5.

conduct alleged is not extreme and outrageous so as to go "beyond all possible bounds of decency in the setting in which it occurred" or to be "utterly intolerable in a civilized community."[35] These allegations describe inappropriate workplace harassment that can support a Title VII or OADA claim, but they are not sufficiently outrageous to clear the exceptionally high bar for an IIED claim.[36] Indeed, "Oklahoma courts . . . have routinely held that workplace harassment claims do not rise to the level of outrageous conduct necessary to support a claim of intentional infliction of emotional distress."[37] Even if Plaintiff has a "peculiar susceptibility" to the emotional distress she allegedly suffered,[38] this fact goes to the severity of her alleged emotional distress, not whether Defendants' conduct was sufficiently extreme and outrageous,[39] and the latter element is where the complaint falls short.

### Conclusion

Defendants' motions to dismiss (Dkts. 22 & 26) are accordingly **GRANTED** and Plaintiff's intentional infliction of emotional distress claims are **DISMISSED**.

---

[35] *Breeden*, 575 P.2d at 1376.

[36] *See Miner*, 68 P.3d at 223 (quoting *Gabler v. Holder & Smith, Inc.*, 11 P.3d 1269, 1280) (" 'Our appellate courts have consistently found employment related facts . . . do not meet the [Restatement's] § 46 criteria.' ").

[37] *Daniels v. C.L. Frates & Co.*, 641 F. Supp. 2d 1214, 1218 (W.D. Okla. 2009).

[38] *Breeden*, 575 P.2d at 1378 n. 6 (quoting Restatement (Second) of Torts § 46(j) (1965)) (" 'The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor has knowledge.' ").

[39] *See Welton*, 49 P.3d at 736.

**IT IS SO ORDERED** this 10th day of June, 2020.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE